William J. Arnone, Jr., Esq., SBN 87803
MERRILL, ARNONE & JONES, LLP
3554 Round Barn Boulevard, Suite 303
Santa Rosa, California 95403
Telephone: (707) 528-2882
Facsimile:  (707) 528-6015
barnone@majlaw.com

Attorneys for Plaintiff
RYAN PEARSON
dba PEASON EXPLORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN PEARSON, an Individual, dba PEARSON EXPLORATION<br><br>Plaintiff,<br><br>vs.<br><br>STEVE PEARSON, an Individual dba PEARSON TRUCKING, and DOES 1-10, inclusive,<br><br>Defendants.<br>_____/ | CASE NO. C11 – 05037 **LHK/HRL**<br><br>[PROPOSED]<br><br>**CONSENT DECREE AND INJUNCTION** |

WHEREAS, the plaintiff RYAN PEARSON, an individual dba PEARSON EXPLORATION, commenced this action by filing the complaint herein; the Defendant STEVE PEARSON, an individual dba PEARSON TRUCKING, filed an Answer denying the claims in the complaint and asserting affirmative defenses; the parties have been represented by the attorneys whose names appear hereafter; and the parties have agreed to settlement of this action upon the following terms and conditions, without adjudication of any issue of fact or law and without the defendant admitting liability for any of the matters alleged in the complaint or that the facts as alleged in the complaint, other than the jurisdictional facts, are true;

THEREFORE, on the joint motion of the plaintiff and the defendant, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

1

CONSENT DECREE AND INJUNCTION

1. <u>OBLIGATIONS</u>. Defendant will not use or display the name "PEARSON" in connection with advertising, marketing or merchandising of exploration, excavation or construction services anywhere within the states of California, Oregon or any state bordering California or Oregon for so long as Plaintiff's trademark is legally valid, in force, and/or not waived. Defendant shall immediately destroy any existing advertising or marketing materials bearing the name PEARSON that are in his possession or under his control, and shall have the period of six months from the date of entry of this Consent Decree to effectuate changes to advertising and marketing materials already in usage and circulation, that are in his possession or under his control. Defendant shall also remove the PEARSON name from all vehicles or equipment that are in his possession or under his control. Notwithstanding the foregoing, it is expressly agreed and understood that Defendant will continue to maintain his contractor's license with the California Contractors State License Board using his name, Steve Pearson, and that such use will not constitute a violation of this Consent Decree or infringement of Plaintiff's mark. It is also expressly understood that Defendant will continue to use the name "Steve Pearson Trucking" in connection with bulk water delivery business (excluding truck signage), and that said use, and the associated registration as "Steve Pearson Trucking" for bulk water delivery with CAL FIRE and the U.S. General Services Administration (GSA), will not constitute a violation of this Consent Decree or infringement of Plaintiff's mark. The Parties further agree that each shall bear its own attorneys' fees and costs arising out of or in connection with this Action.

2. <u>DISMISSAL</u>. Within ten (10) days of execution of this Agreement the Parties will execute, and Plaintiff will file, a Stipulation of Dismissal with Prejudice of the Complaint in its entirety.

3. <u>RELEASES</u>.

(a) The Parties, individually, and on behalf of their respective assigns, employees, agents and other representatives, hereby fully release and forever discharge each other

2

CONSENT DECREE AND INJUNCTION

1 and their respective assigns, employees, agents and other representatives from any and all
2 past and present, known and unknown actions, claims, demands, causes of action, suits,
3 counts, obligations, damages, losses, costs, expenses, attorneys' fees, judgments and
4 liabilities of any nature or kind whatsoever, asserted or unasserted, known or unknown,
5 contingent or non-contingent, suspected or unsuspected, whether based upon tort,
6 contract, statutory or other civil penalties, or any other form of damages, attorneys' fees,
7 costs, losses or expenses of any kind or nature, or injunctive, declaratory or other forms
8 of equitable relief which each has or may have against the other in whole or part arising
9 from or in connection with the Action or the events or damages alleged in it, or which are
10 or could have been alleged or presented in the Action.

    (b) <u>WAIVERS OF CIVIL CODE § 1542</u>. Each Party understands and agrees that this Agreement constitutes a full, final and complete settlement and compromise of each, every and all claims and potential claims of any nature and kind, known or unknown, suspected or unsuspected, anticipated or unanticipated, arising out of or in connection with the Action. The Parties expressly warrant that they are familiar with and understand the provisions and significance of California Civil Code Section 1542, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO
> CLAIMS WHICH THE CREDITOR DOES NOT KNOW
> OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT
> THE TIME OF EXECUTING THE RELEASE, WHICH
> IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY
> AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Having had the advice of counsel, the Parties expressly, knowingly and voluntarily waive and relinquish all rights and benefits they have or may have under the provisions of California Civil Code Section 1542, or the law of any other state or jurisdiction to the same or similar effect as California Civil Code Section 1542. In waiving the application of California Civil Code Section 1542, the Parties acknowledge that a risk exists that a

Settling Party incurred or suffered or may incur or suffer loss, damages or injuries as a result of the matters, events, occurrences, transactions, causes and things referred to in this Agreement which were unknown, unsuspected or unanticipated at the time that this Agreement was executed. The Parties each assume this risk.

4. <u>NO ADMISSION OF LIABILITY</u>. It is understood that in making this Agreement, the Parties do not admit the sufficiency of any claims, allegations, assertions, contentions, or positions of any party, or the sufficiency of any defense to any such claims, allegations, assertions, contentions or positions. The Parties to this Agreement agree that the covenant and release comprising this Agreement are not intended to be admissions of liability of any kind on the part of either Party under any theory or in any amount. The Parties deny any wrongdoing whatsoever, and enter this Agreement in good faith to fully and forever resolve this Action and avoid the cost and expense of further proceedings.

5. <u>ARM'S LENGTH NEGOTIATIONS</u>. This Agreement has been negotiated at arm's length between the Parties. Any rule of law (including California Civil Code Section 1654) or legal decision that would require interpretation of any ambiguities in this Agreement against the party that drafted the applicable provision is not applicable and is hereby waived. The provisions of this Agreement shall be interpreted in a reasonable manner to effect the purposes of the Parties hereto and this Agreement.

6. <u>NO INDUCEMENT</u>. The Parties expressly warrant and represent that, in executing this Agreement, no other party, or any agent or attorney of any party, has made any promise, representation or warranty whatsoever, express or implied, not contained in this Agreement to induce any party to sign this Agreement. Each party further acknowledges that it has not executed this Agreement in reliance on any such promise, representation or warranty.

7. <u>INFORMED CONSENT</u>. The Parties expressly represent that each has consulted with, or had an opportunity to consult with their respective attorneys of record (or counsel of choice) concerning all portions of this Agreement and the releases set forth

4

CONSENT DECREE AND INJUNCTION

above, and have been fully advised by their own attorneys with respect to their rights and obligations hereunder.

8. BINDING AGREEMENT. This Agreement shall be binding upon and inure to the benefit of the Parties and their representatives, predecessors, successors, assigns, executors, administrators, subsidiaries, affiliated companies, agents, partners, insurers and attorneys.

9. ENTIRE AGREEMENT. This Agreement constitutes the full and entire agreement between the Parties with respect to its subject matter, except as otherwise referenced herein, and fully supersedes any and all prior understandings, representations, warranties and agreements between the Parties pertaining to the subject matter of this Agreement.

10. MODIFICATIONS. This Agreement may not be amended or modified, except by a written agreement executed by both parties to this Agreement.

11. AUTHORITY TO ENTER AGREEMENT. Each individual and/or party executing this Agreement represents and warrants that each is duly authorized to enter into and execute this Agreement. The Parties warrant that they are true holders of all rights and remedies which they purport to release, and that they have not assigned or transferred through subrogation or otherwise, any of these rights or remedies to any other individuals or entities, and no further approvals are required to be obtained from any persons or entities.

12. GOVERNING LAW. This Agreement shall be governed by and construed in accordance with the laws of the State of California. The Parties agree that if any provision of this Agreement is not enforceable under California law, the remainder of this Agreement shall nonetheless remain binding and in effect.

13. PARAGRAPH HEADINGS. The various headings in this Agreement are inserted for convenience only and shall not affect this Agreement or any of its provisions.

14. EFFECTIVE DATE. The Parties deem this Agreement to be effective as of the date that the Agreement is fully executed by both Parties.

15. ATTORNEY'S FEES. In any action or proceeding among the Parties arising from or in connection with this Agreement, or for breach, enforcement or rescission of this Agreement, or for monetary, injunctive or declaratory relief concerning or based upon this Agreement, the prevailing party or parties shall be entitled to and be awarded attorney's fees and costs.

16. CONTINUING JURISDICTION. This Court shall retain jurisdiction of this matter for the purposes of enabling any of the parties to this Consent Decree to apply to the Court at any time for such further orders or directives as may be necessary or appropriate for the interpretation or modification of this Consent Decree, for the enforcement of compliance therewith, or for the punishment of violations thereof.

JUDGMENT IS THEREFORE ENTERED pursuant to all the terms and conditions recited above.

April __, 2012

_____
UNITED STATES DISTRICT JUDGE

The parties hereby consent to the terms and conditions of the Consent Decree as set forth above and consent to the entry thereof.

Dated: April __, 2012

_____
RYAN PEARSON

Dated: April __, 2012

_____
STEVE PEARSON
*Digitally signed by Steve Pearson
DN: cn=Steve Pearson, o, ou, email=pearsontruck@comcast.net, c=US
Date: 2012.04.16 16:22:43 -07'00'*

APPROVED:

ZYROMSKI KONICEK LLP

By: /s/ Thomas Kevin Konicek
    Thomas Kevin Konicek
    Attorneys for Defendant

MERRILL, ARNONE & JONES, LLP

By: /s/William J. Arnone, Jr.
    William J. Arnone, Jr.
    Attorneys for Plaintiff

CONSENT DECREE AND INJUNCTION

15. <u>ATTORNEY'S FEES</u>. In any action or proceeding among the Parties arising from or in connection with this Agreement, or for breach, enforcement or rescission of this Agreement, or for monetary, injunctive or declaratory relief concerning or based upon this Agreement, the prevailing party or parties shall be entitled to and be awarded attorney's fees and costs.

16. <u>CONTINUING JURISDICTION</u>. This Court shall retain jurisdiction of this matter for the purposes of enabling any of the parties to this Consent Decree to apply to the Court at any time for such further orders or directives as may be necessary or appropriate for the interpretation or modification of this Consent Decree, for the enforcement of compliance therewith, or for the punishment of violations thereof.

JUDGMENT IS THEREFORE ENTERED pursuant to all the terms and conditions recited above.

April 26, 2012

*Lucy H. Koh*
UNITED STATES DISTRICT JUDGE

The parties hereby consent to the terms and conditions of the Consent Decree as set forth above and consent to the entry thereof.

Dated: April __, 2012

_____
RYAN PEARSON

Dated: April __, 2012

_____
STEVE PEARSON

APPROVED:

ZYROMSKI KONICEK LLP

By: _____
Thomas Kevin Konicek
Attorneys for Defendant

MERRILL, ARNONE & JONES, LLP

By: _____
William J. Arnone, Jr.
Attorneys for Plaintiff

6
**CONSENT DECREE AND INJUNCTION**